# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 18, 2022
Lyle W. Cayce
Clerk

_____

No. 22-50021
_____

In the Matter of Mark Dale Mattlage-Thurmond and Robert Jewell Snowden

*Debtors*,

Mark Dale Mattlage-Thurmond; Robert Jewell Snowden,

*Appellants*,

*versus*

First National Bank of McGregor, *doing business as* Your Bank for Life,

*Appellee.*

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:21-CV-835
_____

Before Stewart, Elrod, and Graves, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

No. 22-50021

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that Appellants pay to Appellee the costs on appeal to be taxed by the Clerk of this Court.

**Certified as a true copy and issued as the mandate on Sep 09, 2022**

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

United States Court of Appeals
for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 18, 2022
Lyle W. Cayce
Clerk

No. 22-50021

In the Matter of: Mark Dale Mattlage-Thurmond and
Robert Jewell Snowden

*Debtors*,

Mark Dale Mattlage-Thurmond; Robert Jewell
Snowden,

*Appellants*,

versus

First National Bank of McGregor, doing business as
Your Bank for Life,

*Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:21-CV-835

Before Stewart, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50021

The bankruptcy court did not err when it overruled an objection that the debtors filed over a year after the bank submitted an amended proof of claim, even though the parties had previously agreed that all objections must be submitted within fourteen (14) days of the filing of the amended proof of claim. We affirm.

**I.**

Spouses Mark Dale Mattlage-Thurmond and Robert Jewell Snowden (the "Debtors") owned approximately 186 acres of land in Crawford, Texas ("Crawford Property"). In 2015, First National Bank of McGregor d/b/a Your Bank for Life (the "Bank") made a loan to the Debtors, constituting a refinance on the Crawford Property.

That same year, the Debtors sought additional financing to build an RV park, retreat, and vacation venue on the Crawford Property. The Bank made a series of five construction loans to finance this project. Each construction loan was secured by a separate deed of trust on the Crawford Property. The Debtors built a swimming pool and an apartment complex on the property, and they partially completed the RV park. However, they could not complete the project in its entirety due to overspending and weather delays, amongst other issues.

The Debtors nonetheless opened their venue to the public but were unable to realize their financial projections for revenues. The Bank tried to help by extending the notes' maturity and payment terms. The Debtors were unable even to make interest-only payments on the notes.

Ultimately, the Bank accelerated the notes and posted the Crawford Property for foreclosure, and, on November 4, 2019, the Debtors filed a voluntary Chapter 11 case.

No. 22-50021

On December 17, 2019, the Bank filed a Motion for Relief from Stay with the bankruptcy court. The Debtors objected. On February 26, 2020, after a settlement conference, the bankruptcy court entered an Agreed Order that had been established between the Bank and the Debtors. The Agreed Order was signed by counsel for the Debtors and the Bank.

The Bank and the Debtors "agreed as follows" to these key provisions:

- As of the Debtors' Petition Date . . . [the Bank] has a claim against the Debtors for $1,174,085.35.

- [The Bank] will file an amended proof of claim in the Debtors' case, setting forth additional amounts, charges and fees owed by the Debtors as of the Petition Date.

- Should the Debtors object to any portion of [the Bank's] amended proof of claim (other than the $1,174,085.35 amount of [the Bank's] claim referenced above, the Debtors must file and serve an objection within fourteen (14) days of the filing of [the Bank's] amended proof of claim.

- Should the Debtors not file an objection to [the Bank's] amended proof of claim, the Debtors shall be deemed to have agreed that such claim should be allowed as filed.

- The Debtors contemplate payment of the amounts owed to [the Bank] as described herein shall be paid.

As contemplated by the Agreed Order, the Bank filed its Amended Proof of Claim for $1,470,188.28 on March 16, 2020. The Debtors did not file any objections within the 14-day window or the ensuing months. On April 27, 2021—over a year after the Bank filed its Amended Proof of Claim—the Debtors filed an Objection to the Amended Proof of Claim ("Objection"). The Debtors' primary objection was that they had pending claims against the Bank and did not owe any funds. On July 29, 2021, the bankruptcy court overruled the Objection, the district court affirmed, and this appeal followed.

Case: 22-50021     Document: 00516465576     Page: 9     Date Filed: 09/09/2022
Case 5:21-cv-00835-ABA    Document 12    Filed 09/09/22    Page 9 of 22

No. 22-50021

## II.

"We apply the same standard of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court." *Matter of Pratt*, 524 F.3d 580, 584 (5th Cir. 2008); *see also Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008) ("When directly reviewing an order of the bankruptcy court, we apply the same standard of review that would have been used by the district court."). We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *Matter of Am. Hous. Found.*, 785 F.3d 143, 152 (5th Cir. 2015), as revised (June 8, 2015). "Under a clear error standard, this court will reverse only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been made." *Id.* (quotation omitted).

## III.

The Agreed Order contains three critical statements about when it would go into effect, each of which is tethered to whether the Debtors filed any objections: First, only the initial amount of $1,174,085.34 was excluded from objections. Any other objections had to be filed within fourteen (14) days of the Bank's Amended Proof of Claim. Lastly, if no objections were filed, the terms of the Amended Proof of Claim would be allowed. The Bank filed its Amended Proof of Claim for $1,470,188.28 on March 16, 2020, which included "additional amounts, charges and fees owed by the Debtors as of the Petition Date." The Debtors could have objected to this amount because the explicit language of the Agreed Order only prohibited them from challenging the $1,174,085.35 amount previously agreed upon in a settlement conference. But the Debtors filed no objection within the fourteen days allotted. Instead, they waited over a year and filed their Objection on April 27, 2021.

No. 22-50021

The plain language of the Agreed Order indicates that the Debtors' objections were untimely, and the bankruptcy court correctly found that the Debtors' inaction deemed the Amended Proof of Claim "allowed as filed." There was no error in the bankruptcy court overruling the Debtors' Objection.

**IV.**

The Debtors' remaining arguments are meritless. On appeal, "the burden is on the appellants to show error." *Murphy v. St. Paul Fire & Marine Ins. Co.*, 314 F.2d 30, 31 (5th Cir. 1963). To the extent the Debtors assert that they are entitled to equitable relief, they have provided no legal basis to support this contention. While the bankruptcy court may issue orders that are "necessary or appropriate to carry out the provisions" regarding the Bankruptcy Code, it cannot use these equitable powers "to fashion substantive rights and remedies not contained in the Bankruptcy Code or Rules or negate substantive rights that are available." *Matter of Smith*, 21 F.3d 660, 665 (5th Cir. 1994). The bankruptcy court held hearings, reviewed the evidence on multiple occasions, and determined that res judicata and the statute of frauds barred the Debtors' claims. The Debtors have not provided any indication that they are otherwise entitled to equitable relief.

The Debtors also assert that they are entitled to reconsideration of the Agreed Order. 11 U.S.C. § 502(j) states that "a claim that has been allowed or disallowed may be reconsidered for cause." However, the Debtors failed to move for reconsideration of the Agreed Order. And we need not review matters raised for the first time on appeal. *See Stewart Glass & Mirror, Inc. v. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

We AFFIRM the district court.

# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

September 09, 2022

Mr. Philip Devlin
Western District of Texas, Waco
United States District Court
800 Franklin Avenue
Waco, TX 76701

    No. 22-50021   Mattlage-Thurmond v. First Natl Bank
                           USDC No. 6:21-CV-835

Dear Mr. Devlin,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                           Sincerely,

                           LYLE W. CAYCE, Clerk

                           By: _____
                           Roeshawn Johnson, Deputy Clerk
                           504-310-7998

cc:  Mr. Jack B. Peacock Jr.
     Mr. Marvin E. Sprouse III
     Mr. David M. Vereeke